UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Camshaft Capital Management, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:24-cv-00713-JRS-MG |
| Apex Fund Services (Indiana) Inc., Apex Fund and Custody Services LLC, | ) ) ) ) |
| Defendants. | ) |

### Entry on Jurisdiction

This is a business dispute. Camshaft Capital Management seeks to prevent the Apex companies from responding to a subpoena in a Delaware bankruptcy case, because, Camshaft alleges, Apex would thereby disclose "confidential information" and so breach various Apex-Camshaft contracts prohibiting such disclosure.

Camshaft has filed an "Emergency Motion" for a Temporary Restraining Order, (ECF No. 2), to quash the subpoena. That Motion is far from Camshaft's only effort: it also apparently has a pending motion to quash in New York, and a pending motion to quash in a bankruptcy court here in the Southern District of Indiana. The shotgun approach has its problems. Most obvious are preclusion and concurrent jurisdiction—what business does this Court have interfering with another District's bankruptcy court managing its own case? Less obvious, but perhaps just as formidable, is Camshaft's own admission that Apex is allowed to disclose information where required by law—and duly-issued subpoenas generally must be obeyed.

But the Court does not reach the merits of Camshaft's Motion because of a more fundamental problem: jurisdiction. Camshaft's claims arise under state law and so only come within this Court's subject-matter jurisdiction under the diversity jurisdiction statute, 28 U.S.C. § 1332. And a limited liability company's citizenship for diversity purposes depends on the citizenship of each of its members; if a member of a limited liability company is itself a limited liability company, the identity of each member must be traced until a corporation or natural person is reached. *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). The Seventh Circuit has repeatedly held "that there's no such thing as a [state name here] partnership or LLC, that only the partners' or members' citizenships matter, and that their identities and citizenships must be *revealed*." *Id.* (brackets and emphasis in original). If the plaintiff does not properly allege citizenship, this Court's limited jurisdiction is not engaged, and it "must dismiss the suit." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). The Seventh Circuit has repeatedly "enjoin[ed] upon bench and bar alike the importance of scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Here, Camshaft's Complaint alleges Apex Fund and Custody Services, LLC, is registered in Delaware. But the Complaint says nothing of the LLC's members or their citizenship. The jurisdictional allegation is insufficient.

This Court cannot take any action on the merits without adequate jurisdictional allegations. For the moment, then, Camshaft's Complaint, (ECF No. 1), is, as it must

be, **dismissed without prejudice**, and the Emergency Motion, (ECF No. 2), is **denied as moot**. Camshaft is given until 4:00 p.m. EDT Thursday, May 9, 2024, to file an amended complaint with proper jurisdictional allegations. If no amended complaint is filed, this action may be closed without further notice.

**SO ORDERED.**

Date: 04/25/2024

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Apex Fund Services (Indiana) Inc.

Apex Fund and Custody Services LLC

Ann O. McCready
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
amccready@taftlaw.com